No. 11,031.

SUCCESSION OF HENRY T. VENNARD.

1. The law fixes the domicil of minors and attaches it to the domicil of their father, or mother, or tutor, and, in case of the death of these, to the place of their last domicil.

2. Minors are incapable, by their own acts to change their legal domicil.

3. The appointment of tutors belongs to courts of the minor's domicil, and courts of this State can attach no validity to appointments made by courts of other States of guardians to minors domiciled in this State.

4. The appellant in this case having appeared in no other capacity than as alleged foreign guardian, and having asked no other relief than to be recognized as such, the decision denying that capacity obliterates him as a party, and exhausts all his rights or interest as appellant. He can not be heard to urge objections to a judgment appointing a tutor in a proceeding to which he was not a party and in which he raised no issue. If, as an individual and third person, he could claim the right to appeal, he must comply with the rules regulating appeals by third persons not parties, which he has not done.

APPEAL from the Civil District Court for the Parish of Orleans. *King, J.*

*J. L. Spearing* for the Tutor, Appellee:

A minor, whose parents had their last place of domicil in this State, retains his domicil here after their death, notwithstanding the removal of the minor to another State. 19 An. 499.

Only the court of the domicil of the minor can appoint a tutor to the minor. 13 An. 265; R. C. C. 307; 19 An. 499

A minor can not, of his own accord, change his domicil. Story on Conflict of Laws, Sec. 46; American and English Encyc. of Law, Vol. 5, p. 866, and authorities; R. C. C. 38, *et seq*.

Courts of this State will not recognize the appointment of a guardian, by the courts of another State, to a minor who has his domicil in this State, but will treat such an appointment as a nullity. 19 An. 499; 13 An. 265.

The appointment of a tutor to a minor, both of whose parents are dead, will be made by the judge of probate of their last place of domicil, if they had one, or if they had no domicil, of that of the minor's nearest relations. C. P. 944 and 945; 19 An. 499; 13 An. 265.

*W. S. Benedict* and *H. C. Cage contra:*

1. Under Art. 130 of the Constitution of 1879 the division seized of jurisdiction by allotment has sole and exclusive jurisdiction to the final ending of the case.

2. When a succession involving a tutorship is allotted to a division, no other division has any right or jurisdiction to appoint a dative tutor. 19 An. 499.

The opinion of the court was delivered by

FENNER, J.   This is a controversy as to the tutorship of the minor, Henry V. Smith, the son of Francis C. and Alice M. Smith, residents of the city of New Orleans.

Francis C. Smith died in 1884, leaving this minor son as his sole heir.   His succession was opened in the Civil District Court, and was allotted to Division C, and in that proceeding, the mother Alice C. Smith, appeared and was qualified as natural tutrix, with Henry

T. Vennard, grandfather of the minor, as under-tutor, under an inventory showing a small estate appraised at $877.80.

The natural tutrix subsequently died, and the minor was then sent to an aunt in Melrose, Mass., "for the purpose" (as stated in the admitted facts) "of receiving a proper education, and being under proper moral training."

No new tutor was appointed to the minor.

In 1862 the grandfather and under-tutor, Henry T. Vennard, died, leaving a large estate, in which the interest of the minor, as one of his heirs, was appraised at $55,049.63.

The succession of the grandfather was opened in the Civil District Court, and was allotted to Division B of that court. ✱

The minor-was thus left without either a tutor or under-tutor, and the bulk of his estate was embraced in the succession of his grandfather, under administration in Division B.

No proceedings were taken to fill the vacancy in Division C, where the original tutorship was opened; but George H. Vennard, maternal uncle of the minor, filed an application for dative tutorship in the succession of the grandfather before Division B.

The usual formalities were fulfilled, an inventory of the minor's estate was taken, and a family meeting was held, which recommended the appointment of the applicant.

While this application was pending, Dr. Julius S. Clark, of Massachusetts, presented a petition in the same proceeding and before the same Division B, exhibiting letters of guardianship which had been issued by the Probate Court of Middlesex county, Mass., where the minor remained under charge of his aunt, and praying to be recognized as such under the law of this State relative to foreign guardians.

Dr. Clark did not appear by way of opposition to the application of Geo. H. Vennard for tutorship, but the latter did appear and file an exception to the petition of the guardian, on the grounds that it exhibited no cause of action, and no legal authority to represent the minor.

The matters seem to have been tried and submitted together on evidence adduced by both parties, and judgment was rendered refusing to recognize the Massachusetts guardian, and appointing George H. Vennard as tutor, from which judgment the guardian appeals.

The correctness of the judgment on the merits of Clark's application does not admit of serious controversy.

The textual provisions of our codes fix the domicil of the minor at the domicil of his father, mother or tutor. R. C. C., Art. 39. The father, mother and tutor of this minor never had any other domicil than this city. These provisions further direct that the appointment of tutors belongs to the judge of the domicil of the father or mother, if either is living, or if dead, to the judge of their last place of domicil. Rev. C. C., Art. 307; C. P., Arts. 944, 945.

The law fixes the domicil of minors and attaches it to that of their parents or tutors. Minors are incapable, by any act of their own, to change their domicil.

The instant case runs on all fours with that of Succession of Stephens, 19 An. 499, where after the death of the parents who were domiciled here, and after the death of the tutor who had been appointed here, the minors were removed to another State by their nearest relations, who had themselves appointed guardians in said State, and then applied to the court here to be recognized as such. This court rejected the application on the grounds that the removal of the minors did not change their domicil, and that no court other than that of the domicil had power to appoint a tutor or guardian. See also Suc. Shaw, 13 An. 265; Story's Conf. of Laws, Sec. 46; 5 Am. and Eng. Ency. of Law, p. 866.

In the succession of Shaw, just cited, the court weightily said:

"With all the respect which we entertain for the acts of the authorities in our sister States, *we can never admit the least validity in the appointment of a guardian* by the courts of another State to a minor whose domicil is here. As a consequence, in virtue of such foreign appointment, such supposed guardian can not stand in judgment nor exercise any right in our courts in reference to the minor which any other stranger could not exercise."

The judgment appealed from is a double one: first, rejecting the application of the foreign guardian; second, appointing Vennard as tutor.

On the first branch we consider that the correctness of the judgment is conclusively demonstrated, and this conclusion, as we think, puts an end to the rights and interest of the appellant in this appeal.

He undertakes, in this court, to attack the judgment appointing the tutor, on the ground that Division B of the Civil District Court was without jurisdiction to appoint the tutor.

He urged no such objection in the lower court. Not only so, but he never made any issue of any kind on that application, and can not be properly considered as even a party thereto. The applicant for tutorship had complied with all the requirements of the law; no opposition had been or was ever filed thereto, and, on the face of the papers, nothing stood in the way of his appointment in due course, except the pendency of the separate and independent application by the foreign guardian. When that was rejected, under the issues before the court, every apparent obstacle to the appointment of the tutor disappeared, and, naturally, the appointment followed.

Clark never appeared in any other capacity than as foreign guardian, and never claimed any other relief than to be recognized as such. When the existence of that capacity was negated by the decision of the court he disappeared as a party to the cause, unless, by appeal, he could reverse that judgment; and now, that decision having been affirmed, his obliteration as a party must stand good.

His right as appellant is exhausted when the only issue tendered by him, or in which, in the capacity in which he appeared, he had any interest, is determined adversely to him.

If, as an individual or third person, he has any right or interest to appeal from the judgment appointing the tutor, he must conform to the rules prescribed for appeals by third persons not parties, which he has not done.

While not meaning to cast any reflection upon the validity of the judgment appointing the tutor, the above views indicate the logical necessity that we should abstain from passing thereon on the present appeal.

It is therefore adjudged and decreed that the judgment appealed from, in so far as it rejects the application of appellant as guardian, be and the same is hereby affirmed, and that, in other respects, the appeal be dismissed.

Rehearing refused.